# IN THE UNITED STATES DISTRICT COURT/
# FOR THE DISTRICT OF NEW MEXICO

MICHAEL RAY HARE,

    Plaintiff,

v.                                                      No. CIV-06-00872 RB/WDS

STATE OF NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

       The complaint alleges that Plaintiff has been detained for fifteen months awaiting trial in a state court criminal proceeding. He has not received a response or ruling on his motion to dismiss for violation of his right to a speedy trial. For relief, he asks only for "answers & responses."

       Plaintiff's request for equitable relief in the state court proceeding is barred by the provisions

of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977). By the express terms of § 2283, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

And although Plaintiff does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973). "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo*, 433 U.S. at 630. Plaintiff's complaint invokes none of the statutory exceptions and is therefore barred.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice to his right to pursue his claims in an appropriate forum or to pursue habeas corpus remedies; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE